IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ADAM ELLIOTT SR.,

              Plaintiff,

     vs.

J. RUSSELL DERR, Judge, in his Official Capacity;

           Defendant.

**8:25CV731**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Notice of Appeal.[1] Filing No. 17. Plaintiff was permitted to proceed in forma pauperis in this action on January 21, 2026, and he may now proceed in forma pauperis on appeal without further authorization. Fed. R. App. P. 24(a)(3).

The Prison Litigation Reform Act ("PLRA") requires prisoner plaintiffs to pay the full amount of the Court's $605.00 appellate filing fee by making monthly payments to the Court, even if the prisoner is proceeding in forma pauperis. 28 U.S.C. § 1915(b). The PLRA "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) (citing *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). The appellate filing fee is assessed when the district court receives the prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

---

[1] The Court notes Plaintiff's Notice of Appeal includes a purported request under the Nebraska Freedom of Information Act addressed to the undersigned and the Clerk of this Court for items related to Plaintiff's state criminal case. Filing No. 17 at 3–4; *see also* Filing No. 19 at 1 (letter requesting same items). The Court does not have the items Plaintiff requests in its possession as they are *state* court records. Thus, the Court takes no action on Plaintiff's request for records.

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. Plaintiff's account balance is $0.00, and the Court cannot assess an initial partial filing fee. *See* Filing No. 30, Case No. 8:25CV730. However, as set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil . . . judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson,* 173 F. Supp. 2d at 957 n. 9. Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). This matter will therefore proceed without payment of the initial partial filing fee as set forth below.

IT IS THEREFORE ORDERED that:

1.      Plaintiff may proceed on appeal in forma pauperis. The filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $605.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the Clerk of the Court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

2.      The Clerk of the Court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution.

2

Dated this 13th day of July, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge